UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MC2 CAPITAL PARTNERS, LLC,                                    No. 11-14366

Debtor(s).
_____/

Memorandum on Motion for Allowance of a Late Claim
_____

**Introduction**

In Chapter 11 cases, claims filed after the bar date can be allowed if there was excusable neglect and no prejudice to third parties. John Bittner is the court appointed receiver for F. Rogers Corporation. He has moved that his late claim on behalf of the corporation be allowed. The debtor and the Official Creditors' Committee oppose the motion.

Because the court finds no excusable neglect and prejudice to third parties, it must deny the motion. The court also notes that the motion is barred by the terms of the confirmed Chapter 11 plan.

**Facts**

This Chapter 11 case was commenced on December 1, 2011. On December 2, 2011, the Clerk gave notice to all creditors, including F. Rogers Corporation, that the bar date for claims was April 5, 2012. Because its claim was listed as disputed, F. Rogers Corporation was required to file a proof of claim in order to receive distributions.

1

On April 5, 2012 (coincidentally, the claims bar date), Bittner was appointed receiver for F. Rogers Corporation by a California state court. He alleges difficulty on obtaining access to the corporate records and information until April 25, 2012, when he learned about this bankruptcy and filed a proof of claim.

In the meantime, the debtor had filed a plan of reorganization. The plan called for the sale of the debtor's assets. Section 8.1 of the plan provided that "Proofs of Claim, when required, shall be filed with the Bankruptcy Court no later than the applicable Claims Bar Date, or such Claims shall be conclusively deemed barred and disallowed." The disclosure statement, approved by the court, told creditors "It is the Debtor's best estimate that there will be approximately $1,000,000 left over from the Sale Transaction to pay these Claims. Thus, depending on the final allowed amount of the Class 7 Claims, the Debtor's best estimate is that these Class 6 Creditors will receive a dividend which ranges between 20% and 33%."

On May 11, 2012, the plan, containing Section 8.1, was confirmed. Bittner did not contest confirmation.

**Excusable Neglect**

Bittner argues that the court can only look to his actions, and must grant his motion if his neglect in delaying filing his claim for 20 days was excusable, without considering the neglect of F. Rogers Corporation in failing to file a claim despite more than 120 days notice. The court finds this argument to be wrong. A receiver occupies no better position than that occupied by the party for whom he or she acts. *In re Golden Triangle Capital, Inc.*, 171 B.R. 79, 83 (9th Cir.BAP 1994); 55 **Cal.Jur.3d**, Receivers, § 46, p.59. "He takes the property and rights of the one for whom he was appointed precisely in the same condition and subject to the same equities as existed before his appointment and any defense good against the original party is good against the receiver." *Downey v. Humphreys*, 102 Cal.App.2d 323, 336 (1951).

The neglect of F. Rogers Corporation was not excusable. Bittner is not entitled to have the

2

1   court disregard the corporation's neglect in ruling on his motion.  If the law were otherwise, anyone

2   could escape the consequences of his own neglect merely by obtaining a receiver.

3

4   **Prejudice**

5         The court agrees with Bittner that the mere dilution of a dividend is not prejudice.  However,

6   the dilution of a dividend is prejudicial where, as here, creditors voted to accept a plan after being told

7   what the claims were and how much they were likely to receive if they voted for the plan.  Because the

8   creditors *acted* on the understanding of what claims were filed, Bittner cannot now say there was no

9   prejudice to them.  The court notes that Bittner himself knew about the proceedings two weeks before

10   the plan was confirmed, so he could have come forward in time to prevent confirmation based on

11   erroneous facts.

12

13   **Estoppel**

14         Pursuant to  § 1141(a) of the  Bankruptcy Code, the provisions of a confirmed plan bind all

15   creditors whether or not the creditor is impaired or has accepted the plan.  Even if a plan contains an

16   improper provision, it is nonetheless binding after confirmation.  *In re Espinosa,* 559 U.S. 260, 130

17   S.Ct. 1367, 176 L.Ed.2d 158 (2010).   "Where, as here, a party is notified of a plan's contents and fails

18   to object to confirmation of the plan before the time for appeal expires, that party has been afforded a

19   full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not

20   justify Rule 60(b)(4) relief." 176 L.Ed.2d at 173.

21          Pursuant to Section 8.1 of the confirmed plan, Bittner's late claim is conclusively deemed

22   barred and disallowed.  The plan having become final, this provision alone requires denial of Bittner's

23   late claim.

24

25   **Conclusion**

26         Bittner has not demonstrated excusable neglect.  Even if he had, it is too late to give him relief

because the creditors acted in reliance on the claims as they existed on the bar date.  Even if there was excusable neglect and even if there had been no prejudice, allowance of a claim after the bar date is barred by the terms of the confirmed plan.  Accordingly, Bittner's motion will be denied.  Counsel for the debtor shall submit an appropriate form of order.

Dated:  March 25, 2013

Alan Jaroslovsky
U.S. Bankruptcy Judge

4