UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MC2 CAPITAL PARTNERS, LLC,  No. 11-14366

Debtor(s).
_____/

Memorandum on Objection to Claim 35
_____

     Chapter 11 debtor MC2 Capital Partners ("MC2") is a limited liability company formed to build an 82-unit apartment building in San Rafael, California. Before its Chapter 11 filing it was controlled by Thomas M. Monahan, who also controlled the general contractor, Monahan Pacific Construction Corporation ("MPCC"). Monahan's accountants did the books for both entities.

     In late 2010, MPCC lost a lawsuit. Monahan feared that the judgment creditor would seize any progress payments made by MC2 so he terminated the construction contract between MC2 and MPCC, ostensibly (i.e. for the purposes of the judgment creditor) due to poor performance by MPCC. The date of the cancellation was December 3, 2010. Thereafter, MC2 was to pay the subcontractors directly. Monahan had his accountants mark all but one outstanding invoice from MPCC as "PAID" and issued a credit to MC2 for $2,118,586.46. Of course, Monahan saw no need to inform the construction lender, U.S. Bank, about any of his machinations. He continued to present the bank with requests for progress payments in the name of MC2, showing that payments to MPCC were current.

     MPCC has submitted a claim for $1,614.713.51, comprised of $759,410.22 claimed due under

1

1 the contract and $855.303.69 for "post-termination transition services." The Creditors Committee
2 objects.

3     A proof of claim is prima facie evidence of its validity until an objector produces evidence to
4 rebut the presumption of validity. The burden then shifts to the claimant to prove its claim. *In re*
5 *Garvida,* 347 B.R. 697, 707 (9th Cir. BAP 2006). In this case, the Creditors Committee has rebutted
6 the presumption of validity by demonstrating that most of the invoices supporting the claim were
7 marked "PAID," and that Monahan, on behalf of both MC2 and MPCC, represented to U.S. Bank that
8 the invoices supporting the claim were paid.

9     MPCC is unable to prove its claim. Monahan was manipulating the books and records of both
10 MPCC and MC2 in order to avoid enforcement efforts of a judgment creditor. He controlled both
11 entities, and his accountants kept the books of both. No independent audit was produced. Due to these
12 facts, the evidence produced to substantiate the claim lacks all credibility. The court cannot find by a
13 preponderance of the evidence that the claim has any validity at all.

14     For the foregoing reasons, the objection to Claim No. 35 will be sustained. Counsel for the
15 Creditors Committee shall submit an appropriate form of order.

17 Dated: December 16, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge